THE STATE OF OHIO, ON THE RELATION OF THE PROSECUTING
ATTORNEY OF SANDUSKY COUNTY, *v.* RALPH P. BUCKLAND,
EBENEZER LANE AND OTHERS.

A judge of the court of common pleas may, in the exercise of chamber powers,
as a member of the district court, grant leave to file an information in the
nature of a quo warranto.

The authority of the prosecuting attorney of a county, to file an information
in the nature of a quo warranto, is not repealed or superseded by the act
relating to the duties of the attorney general, passed May 1st, 1852.

The district court may entertain jurisdiction of an information in the nature
of a quo warranto against an association of individuals, for usurping a cor-
porate franchise, when either the office of the association, or the office of the
president thereof, shall be within the county.

MOTION to quash an information in the nature of a quo war-
ranto, reserved in the District Court of Sandusky County, for
decision by the Supremé Court.

On the 31st day of October, 1853, George R. Haynes, pros-
ecuting attorney for Sandusky county, by leave granted by L. B.
Otis, one of the judges of the court of common pleas of that
judicial district, filed an information in the nature of a quo war-
ranto, in the district court of said county, against Ralph P. Buck-
land, Ebenezer Lane, John Gardner, William N. Redfield, Eben
F. Osburn, Freeland T. Barney, Homer Goodwin, William W.
Witherell, Walter F. Stone, Samuel W. Torry, and John G.
Camp, charging them the said defendants with having formed an
association, under the assumed name of the Sandusky City and
Indiana Railroad Company, and usurped the franchise of a cor-
poration for the construction and use of a railroad from Sandusky
City to the west line of this State, for purposes unwarranted by
law, and in derogation of the true intent and purpose of the law
conferring such franchise.

The defendants moved to quash the information upon the
grounds :

1st. That the information was filed on the relation of the pros-
ecuting attorney of the county ;

2d. That the leave to file the information was granted by a judge of the court of common pleas; and

3d. That it was not alleged in the information, that the principal office of the association was in Sandusky county, etc.

*George R. Haynes*, prosecuting attorney, for plaintiff.

*W. F. Stone & Homer Goodwin*, for defendants.

BARTLEY, J. A judge of the common pleas has the authority, in the exercise of chamber powers, as a member of the district court of any county of the proper district, to grant leave to file an information in the nature of a quo warranto, in the district court.

The authority of the prosecuting attorney of any county to file an information in the nature of a quo warranto, on his own relation, given by the statute relating to informations in the nature of quo warranto, passed March 17, 1838, is not repealed or superseded by any provision of the act prescribing the duties of the Attorney General, passed May 1, 1852.

Where such information charges the defendants, as an association of persons, with usurping or illegally exercising a franchise, and assuming to act as a corporation, without sufficient authority of law, and for the fraudulent purpose of enabling a legally constituted corporation to evade an injunction of the Supreme Court restraining it from doing an act unwarranted by law, and in violation of its corporate powers, the district court may have jurisdiction of the case, if it appear that the office of the association, or the office of the president thereof, be within the county.

Motion overruled, and cause remanded to the district court of Sandusky county.